

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

UNITED STATES OF AMERICA,

v.                                     **CRIMINAL NO. 4:15cr17**

TIMOTHY PAUL MORGAN,

    Defendant.

## OPINION

On December 14, 2015, this Court sentenced Timothy Paul Morgan ("Defendant") to a term of imprisonment of seventy-five (75) months. ECF No 33. This judgment represents a downward variance from the Sentencing Guidelines. This opinion elaborates on the Court's reasons for this downward variance and is to be filed simultaneously with the sentencing judgment order.

### I.    BACKGROUND

On April 14, 2015, Defendant was named in an eight-count indictment, charging him with Counts One through Four, Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); and Counts Five through Eight, Receipt of Child Pornography, also in violation of 18 U.S.C. § 2252A(a)(2).  ECF No. 1. Defendant pleaded guilty to Count Seven in front of Magistrate Judge Douglas E. Miller on August 17, 2015. ECF No. 19. The statutory penalty for this offense is five to twenty years of imprisonment. With his guilty plea, Defendant admitted to knowingly receiving a video "depicting a minor engaging in sexually explicit conduct, specifically, actual and simulated genital-genital sexual intercourse by an adult male with an actual prepubescent female minor child and sadistic and masochistic abuse of an actual

prepubescent female minor child." Statement of Facts, ECF No. 22 at 3–4.

There were no objections to the Presentence Report ("PSR") prepared by the Probation Office. ECF No. 28 at 16. The PSR determined that Defendant's total offense level was thirty-four (34), which represents an adjusted offense level of thirty-seven (37) minus three (3) points for acceptance of responsibility.[1] Id. at 8–9. This offense level incorporates several enhancements that substantially raised the offense level above the base offense level of twenty-two (22). Defendant received enhancements for (1) material involving a prepubescent minor, +2; (2) distribution, +2; (3) material that portrays sadistic or masochistic conduct or other depictions of violence, +4; (4) the use of a computer, +2; and (5) having more than 600 images, +5. Id. at 8. For purposes of guideline calculations, each video in the possession of Defendant is counted as 75 images. USSG § 2G2.2, Application Note 4(B)(ii). The PSR determined that Defendant had 4,243 images in his possession: 118 images and 55 videos (55 x 75 = 4125). PSR at 6.

Because Defendant has no prior criminal history, his criminal history category is I. Id. at 9. With a total offense level of 34 and a criminal history category of I, the guidelines recommend a sentence of 151 to 188 months. Id. at 14. A sentencing hearing was held on December 14, 2015. ECF No. 33.

## II.   DISCUSSION

To determine an appropriate sentence this Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." Nelson v. United States, 555 U.S. 350, 351 (2009). Section 3553(a) provides in the relevant subsections that

---

[1] The Government filed a motion for an additional point for Acceptance of Responsibility. ECF No. 31.

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct

Defendant's offense was undoubtedly serious, and the need to deter similar conduct is great. The images and videos in Defendant's possession depict the most reprehensible abuse of children. With his possession and distribution of such material, Defendant supports the market for those who create this material. Although Defendant in his position paper and unsworn testimony maintained that he did not view the material for pleasure but only to understand his recently deceased step-son, Defendant's own earlier admissions and the forensic evidence both indicate that he had been collecting and viewing this material for more than a decade. See PSR at 4–6. There is no excuse for his behavior. However, it must be considered that this behavior did not include the physical abuse of children.

The Sentencing Guidelines covering the nonproduction of child pornography seem to be solely concerned with the seriousness of the offense and the need for deterrence. Section 2G2.2 of the guidelines requires this Court to significantly increase Defendant's base offense level of twenty-two (22) because of several enhancements that apply in the vast majority of cases of possession, receipt, or distribution of child pornography. According to a study carried out by the Sentencing Commission using data from 2011, 97% of non-production child pornography cases involve a computer, 95% involve a victim under twelve, 79% involve violent images, and 70%

3

involved at least 600 images. See United States Sentencing Commission, *Use of Guidelines and Specific Offense Characteristics, Fiscal Year 2011*, 41–42.[2] Defendant received all of these enhancements, which added thirteen (13) points to his base offense level. Yet, because these enhancements apply in the vast majority of cases, these enhancements, however justifiable in the abstract, do little to differentiate Defendant's conduct from other non-production cases.

Section 3553(a) requires this Court to consider factors in addition to the need for deterrence in order to arrive at a sentence "sufficient, but not greater than necessary" to comply with the purposes of §3553(a)(2). The Court must consider the "history and characteristics of the defendant." Id § 3553(a)(1). Three witnesses testified at the sentencing hearing: his step-daughter, a friend of his step-daughter, and his sister-in-law. All three testified that Defendant had raised his step-children as his own and supported his wife and step-son as they suffered through years of illness, illnesses which ultimately led to the deaths of both in recent years. See PSR at 10. Defendant's step-daughter testified that Defendant has been an important part of the life of her children and that she has never suspected him of having touched her children or any other children. Despite the present charges, all three witnesses indicated that they intended to remain a part of Defendant's life during and after his term of imprisonment. Defendant worked for Newport News Schools Maintenance Division for thirty years until retirement. PSR at 12.

Section 3553(a)(6) requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The extensive disparities in sentences given for non-production child pornography offenses under USSG §2G2.2 has been well-documented by the Sentencing Commission and others. See generally, United States Sentencing Commission, *Chapter 8:*

---

[2] Available at http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/Guideline_Applicati on_Frequencies/2011/Use_of_Guidelines_and_Specific_Offense_Characteristics.pdf

4

*Examination of Sentencing Disparities in §2G2.2 Cases*, REPORT TO THE CONGRESS: FEDERAL CHILD PORNOGRAPHY OFFENSES (Dec. 2012) ("2012 REPORT TO CONGRESS")[3]; Melissa Hamilton, *Sentencing Adjudication: Lessons from Child Pornography Policy Nullification*, 30 GEOR. ST. U. L. REV. 375 (2013). In the 2010 fiscal year only 40.0 percent of non-production defendants received sentences within the guideline ranges. 2012 REPORT TO CONGRESS at 213. In the 2012 fiscal year, sixty-six (66) percent of sentences given were *below* the guideline range. Hamilton, *Lessons* at 386. The average sentence for non-production children pornography crimes in fiscal year 2011 was about ninety-five (95) months. Id. at 447. The average for the Fourth Circuit was slightly higher, at 100.43 months. Id. at 449. By contrast, Defendant's guideline range for the present offense is 151-188 months.

After consideration of the guideline recommendation and the §3553(a) factors, the Court determined that a downward variance from the Guidelines was warranted in this case. Although Defendant's conduct was reprehensible, the Court determined that a sentence below the guidelines would be sufficient but not greater than necessary to comply with the need for a sentence as defined by §3553(a)(2). The Court is confident that a sentence of more than six years in jail will deter Defendant from similar conduct in the future. Defendant is not a child molester; there is nothing to distinguish his case from other non-production cases where the Federal District Courts have frequently downward departed. The average sentence for conduct similar to Defendant's, in this circuit and throughout the United States, is far below the bottom of the guideline-recommended sentence: a sentence within the guidelines would create a sentencing disparity. Additionally, his family has testified to the role he played in supporting his family while his wife and step-son suffered chronic illnesses. He worked until retirement and has been

[3] Available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_08.pdf

5

an important figure in the life of his grandchildren. For these reasons, the Court imposed a sentence of seventy-five (75) months of imprisonment, which this Court found to be sufficient but not greater than necessary to comply with the need for a sentence as defined by 18 U.S.C. § 3553(a)(2).

The Clerk is **DIRECTED** to forward a copy of this Opinion to all Counsel of Record.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Newport News, VA
December 16, 2013

6